NOT DESIGNATED FOR PUBLICATION

No. 118,668

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE BENJAMIN RAMIREZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed February 22, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Jose Benjamin Ramirez appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Ramirez' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On June 29, 2016, Ramirez pled no contest to possession of opiates/opium/ narcotic drugs and certain stimulants, a severity level 5 drug felony. On August 22, 2016, the district court sentenced Ramirez to 32 months' imprisonment but granted probation for 18 months to be supervised by community corrections.

1

Ramirez later admitted to violating his probation by committing new crimes. At a hearing on October 5, 2017, Ramirez requested an intermediate sanction and to be placed back on probation. The district court denied Ramirez' request, revoked his probation, and ordered him to serve a modified sentence of 24 months' imprisonment. Ramirez appealed.

On appeal, Ramirez claims the district court abused its discretion in revoking his probation without first imposing an intermediate sanction. Ramirez acknowledges that the district court can revoke a defendant's probation without imposing an intermediate sanction if the probation was the result of a dispositional departure, but here the record does not reflect that Ramirez received a dispositional departure to probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court revoked Ramirez' probation after finding that he had committed new crimes while on probation. As a result, the court did not have to impose an intermediate sanction in this instance. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). In revoking Ramirez' probation, the district court stated:

2

"In this case while on probation, Mr. Ramirez got his, I think, at least sixth DUI and engaged in both felony and misdemeanor battery on law enforcement officers. And I did preside over that case. I heard the preliminary hearing. It was pretty egregious conduct.

"I'm going to find that the defendant's probation should be revoked."

The district court showed leniency by granting Ramirez a modified sentence of 24 months' imprisonment. But the court's decision to revoke Ramirez' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Ramirez has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence.

Affirmed.